**THE ESTLE LAW FIRM**
12520 High Bluff Drive, Suite 265
San Diego, California 92130
Telephone (858)720-0890
Facsimile (858) 720-0092

Mark D. Estle (CA Bar No. 135004)

Attorney for Creditor
ONEWEST BANK, FSB AS SERVICER FOR DEUTSCHE BANK NATIONAL TRUST COMPANY AS INDENTURE TRUSTEE OF THE INDYMAC HOME EQUITY MORTGAGE LOAN ASSET-BACKED TRUST, SERIES 2006-H1

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| In re:<br><br>CYNTHIA L. HALL,<br><br>    Debtor(s). | Case No. 11-73005-EDJ<br>Chapter 13<br><br>STIPULATION ON DEBTOR'S MOTION TO VALUE SECURED CLAIM AND TO AVOID LIEN OF ONEWEST BANK, FSB |
|---|---|

TO ALL PARTIES OF INTEREST:

PLEASE TAKE NOTICE THAT this stipulation is entered into by and between Debtor CYNTHIA L. HALL (the "Debtor"), by and through her attorney of record; and Respondant ONEWEST BANK, FSB AS SERVICER FOR DEUTSCHE BANK NATIONAL TRUST COMPANY AS INDENTURE TRUSTEE OF THE INDYMAC HOME EQUITY MORTGAGE LOAN ASSET-BACKED TRUST, SERIES 2006-H1 ("OneWest"), by and through its attorney of record.

**RECITALS**

1. Debtor is the maker of a Note in favor of OneWest in the original amount of $56,000.00, secured by a second deed of trust encumbering the real property at 22530 Third St. #306, Hayward, CA 94541 (the "Property").

2. On or about December 14, 2011, Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California, and was assigned Case No. 11-73005-EDJ.

3. On or about December 14, 2011, Debtor filed a Motion to Value Secured Claim and to Avoid Lien of OneWest Bank, FSB, praying that the Court find OneWest's second deed of trust encumbering the Property be avoided.

**THE PARTIES HEREBY STIPULATE AS FOLLOWS:**

1. OneWest's claim shall be allowed as a non-priority general unsecured claim. OneWest may file an amended Proof of Claim listing its claim as unsecured to be paid in accordance with the Debtor's Plan. If an amended claim is not filed, the Trustee may treat any claim on the debt filed by OneWest as unsecured upon the entry of this order.

2. The avoidance of OneWest's second deed of trust is contingent upon the Debtor's completion of her Chapter 13 Plan and the Debtor's receipt of a Chapter 13 discharge.

3. Upon receipt of the Debtor's Chapter 13 discharge and completion of her Chapter 13 Plan, the Order Approving this Stipulation may be recorded by the Debtor in the appropriate County Recorder's Office.

4. OneWest shall retain its lien for the full amount due under the subject loan in the event of either the dismissal of the Debtor's Chapter 13 case, the conversion of the Debtor's Chapter 13 case to any other chapter under the United States Bankruptcy Code, if the Debtor completes the Chapter 13 plan but does not receive a discharge, or if the Property is sold or

refinanced prior to the Debtor's receipt of the Chapter 13 discharge.

5. In the event that the holder of the first lien on the Property forecloses on its security interest and extinguishes OneWest's second deed of trust prior to the Debtor's completion of her Chapter 13 Plan and receipt of a Chapter 13 discharge, OneWest's lien shall attach to the surplus proceeds of the foreclosure sale for the full amount of the subject loan balance at the time of the sale.

6. Each party shall bear its own attorney's fees and costs incurred in the present stipulation.

7. This Stipulation may be executed in counterparts, and facsimile signatures shall be deemed originals.

Dated: 1/24/11  /s/Mark D. Estle  
Mark D. Estle, Esq.  
Attorney for Creditor  
ONEWEST BANK, FSB AS SERVICER FOR DEUTSCHE BANK NATIONAL TRUST COMPANY AS INDENTURE TRUSTEE OF THE INDYMAC HOME EQUITY MORTGAGE LOAN ASSET-BACKED TRUST, SERIES 2006-H1

Dated: 1/24/11  /s/Nathan David Borris  
Nathan David Borris  
Attorney for Debtor